IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

ex rel BRANDON JENNINGS,

    Petitioner,

v.                                        Case No. 2:21-cv-00026

WILLIAM WOODARD WEBB, et al.,

    Respondent.

MEMORANDUM OPINION AND ORDER

Pending before the court is Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 [ECF No. 1]. By standing order, this matter is referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings and recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For reasons appearing to the court, the referral to the magistrate judge is **WITHDRAWN**. As addressed below, it is hereby **ORDERED** that this civil action be **DISMISSED WITHOUT PREJUDICE**.

I. Background

On June 13, 2019, Petitioner was convicted by a jury of numerous sex trafficking and child pornography offenses in the United States District Court for the Eastern District of North Carolina. Jury Verdict, *United States v. Jennings*, No. 5:18-cr-00318-FL-1 (E.D.N.C., June 13, 2019), ECF No. 119. On August 18, 2020, Petitioner was sentenced to various concurrent terms of imprisonment ranging

between 60 months and life. *Id.*, <u>Amended Judgment</u>, ECF No. 194. On August 19, 2020, Petitioner filed a notice of appeal to the United States Court of Appeals for the Fourth Circuit. *Id.*, <u>Notice of Appeal</u>, ECF No. 187. His appeal, *United States v. Jennings*, No. 20-4432, is pending in the appellate court.

## II. Discussion

Upon review of the instant petition, it is apparent that it was prematurely filed in the wrong court. Petitions for habeas corpus relief under 28 U.S.C. § 2241 must be brought in the district where the prisoner is incarcerated, naming the prisoner's custodian as the respondent. Thus, Petitioner's § 2241 petition should have been filed in the United States District Court for the Northern District of West Virginia, which is the court with jurisdiction over USP Hazelton, where he is presently incarcerated.

Nonetheless, because Petitioner's claims challenge the validity of his conviction and sentence, they must be addressed either in his pending appeal or in a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 filed in the sentencing court, and not under § 2241. *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) (§ 2255 is the exclusive collateral remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective). The remedy under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255 or for a direct appeal. *Id.; see also Rodriguez v. Streeval, N*o. 7:20CV00589, 2020 WL 6729294, at \*2 (W.D. Va. Nov. 16, 2020) ("Ordinarily, a motion pursuant to § 2255, not § 2241, is the appropriate vehicle for

challenging a conviction or the imposition of a sentence after a direct appeal has concluded).

"A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000). In light of his pending appeal, it appears that Petitioner's judgment is not yet final and that a § 2255 motion would be premature. Therefore, I **FIND** that Petitioner's claims for relief may be most appropriately addressed, if at all, in his pending appeal and that the instant petition should be dismissed without prejudice.

## III. Conclusion

For the reasons stated herein, it is hereby **ORDERED** that Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 is **DISMISSED WITHOUT PREJUDICE**. The court has additionally considered whether to grant a certificate of appealability. *See* 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that the governing standard is not satisfied here. Accordingly, a certificate of appealability is **DENIED**.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented party.

ENTER: January 15, 2021

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE